IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00294-FL

| | |
|---|---|
| TORRICK JOHNTRELLE RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| WASTE INDUSTRIES ) | |
| INCORPORATION, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court upon Defendant Waste Industries' motion to dismiss Plaintiff Torrick Johntrelle Rodgers' complaint in accordance with Federal Rule 12(b)(6) of Civil Procedure for failure to state a claim. (DE-15). Rodgers has responded (DE-23) and Waste Industries has replied (DE-24). Accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to dismiss has been referred to the undersigned for report and recommendation. For the reasons stated herein, the undersigned RECOMMENDS that the motion to dismiss (DE-15) be granted.

I. **BACKGROUND**

Rodgers filed his pro se complaint on December 7, 2012, alleging that Waste Industries violated his Fourth Amendment rights when one of its workers removed a trash can from his yard on November 24, 2010 without authorization and in violation of Waste Industries' company policy. Compl. 2-3, DE-1-1. After the trash can was removed from Rodger's property, law enforcement searched the garbage for evidence of unlawful activity. As a result, Rodgers alleges

1

he lost his "freedom as well as [his] family and small business." *Id.* at 3. The complaint seeks twenty million dollars in compensatory damages for "stress, emotional pain, [and] financial loss." *Id.* at 4. Waste Industries contends the complaint fails to state a claim upon which relief may be based and requests dismissal under Rule 12(b)(6).

## II.     LEGAL BACKGROUND

### A. Rule 12(b)(6): Failure to State a Claim

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley, 355 U.S. at 45-46; Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted); *see also* Parham v. Pepsico, Inc., 927 F. Supp. 177, 178 (E.D.N.C. 1995) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss pursuant to 12(b)(6)"). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham, 927 F.Supp. at 178.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Even in civil rights cases, the court is not required "'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,'" nor "'allegations that contradict matters properly subject to judicial notice or by exhibit.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)); *see also* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (noting that, in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (court may consider documents subject to judicial notice without converting motion to dismiss into one of summary judgment).

A court may take judicial notice at any stage in the proceeding. Fed. R. Evid. 201(d). "'[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (quoting 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5106 at 505 (1977)); *see also* United States v. Stanley, 449 F. App'x 249, 251 n.2 (4th Cir. 2011) (taking notice of North Carolina judgments of conviction).

## III. DISCUSSION

While not expressly stated, Rodgers presumably brings his complaint pursuant to 42 U.S.C. § 1983. Although not a source of substantive rights itself, section 1983 creates a species of tort liability and provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." West v. Atkins, 487 U.S. 42, 49 (1988). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state-action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); *see also* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (noting that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement).

Here, Waste Industries argues that the complaint should be dismissed because Rodgers fails to allege that Waste Industries acted under color of state law. In distinguishing between state action and private action,

> the judicial obligation is not only to preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted). State action may be found to exist "if, though only if, there is

4

such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted). The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state.

Andrews v. Fed. Home Loan Bank, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." Goldstein v. Chestnut Ridge Vol. Fire Co., 218 F.3d 337, 344 n. 7 (4th Cir. 2000).

In the instant case, the complaint alleges facts which, taken in the light most favorable to Rodgers, are sufficient to show state action. Construed liberally, the complaint indicates that at the behest of law enforcement, a Waste Industries' employee removed a trash can from within the curtilage of Rodgers' home on a date that was not a regularly-scheduled trash collection day, for the express purpose of facilitating an investigative search of the garbage obtained from Rodgers' trash can. Compl. 2-3, DE-3. The complaint states that "the government has conceded that this act was illegal." *Id.* at 2; *see also* California v. Greenwood, 486 U.S. 35, 40-42 (1988) (requiring trash to be abandoned for collection outside the curtilage of the home in order for an officer's search through it to be constitutional). Assuming these facts to be true for purposes of

5

the motion to dismiss, the allegations are sufficient to show that "the state has coerced the private actor to commit an act that would be unconstitutional if done by the state." Andrews, 998 F.2d at 217. As it does not "appear[] beyond a doubt that the plaintiff can prove no set of facts in support of his claim" that Waste Industries acted under color of state law, the complaint should not be dismissed on this basis.

The complaint nevertheless fails on other grounds. Specifically, Waste Industries may not be held liable under 42 U.S.C. § 1983 for the act of its employee, where Rodgers expressly alleges that the employee's action contravened company policy. Moreover, upon judicial notice of the underlying federal criminal case against Rodgers, it is clear that Rodgers cannot show that the removal of his trash can on November 24, 2010 caused him harm.

Under the Fourth Amendment and 42 U.S.C. § 1983, an employer cannot be held liable on a theory of *respondeat superior* for the unconstitutional acts of its employees. *See* Smith v. Atkins, 777 F. Supp. 2d 955, 968-69 (E.D.N.C. 2011). "Rather, private corporations can only be held liable under § 1983 if 'an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" Rodriguez v. Smithfield Packing Co., Inc.*,* 338 F.3d 348, 355 (4th Cir. 2003) (quoting Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (1999)). In some circumstances, a private corporation "may incur § 1983 liability for a single decision of a policymaking official." *See* Austin, 195 F.3d at 728-730. "[S]uch omissions are actionable only if they constitute 'tacit authorization' of or 'deliberate indifference' to constitutional injuries." Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983).

Here, Rodgers explicitly alleges that the Waste Industries' employee who removed his trash can on November 24, 2010 did so in violation of company policy. According to the complaint, "Waste Industries['] handbook states that [their] workers cannot come in your yard except upon

6

request and that is for the elderly or sick" and that "Waste Industries violated their own policies" in removing the trash can. Compl. 2-3, DE-3. In his response to the motion to dismiss, Rodgers repeatedly argues that "workers for Waste Industries violated company policy" when they removed the trash can. However, in order for liability to attach under 42 U.S.C. § 1983, the alleged deprivation of rights must have been caused by a defendant corporation's policy or custom, not by a violation of the applicable policy or custom. *See* Smith, 777 F. Supp. 2d at 968-69. Thus, Rodgers' own allegations defeat his claim. Because compliance with Waste Industries' policies would have prevented the alleged deprivation of Rodger's rights, not caused it, the complaint fails as a matter of law. *See id.* at 969.

Finally, even if the facts in the complaint could be construed as stating a claim against Waste Industries, Rodgers fails to show any harm resulting from the removal and search of his trash can on November 24, 2010. This is because this Court has already ruled that the November 24, 2010 search was improper and that any evidence discovered by law enforcement as a result of the search cannot be used in the criminal case against Rodgers. *See* United States v. Rodgers, No. 4:11-CR-00087-FL-1, 2012 U.S. Dist. LEXIS 13865, at *11 (E.D.N.C. Feb. 6, 2012) ("Here, the November 24, 2010 search of the trash collected from [Rodgers'] residence was improper . . . and the court must set aside the information collected from it.") (citing Greenwood, 486 U.S. at 40-42). "Nonetheless, even without the information obtained from the search conducted November 24, 2010" the Court found "sufficient evidence in the warrant affidavit to support issuance of the search warrant" in Rodgers' case. *Id.* The Court may take judicial notice of the criminal case proceedings against Rodgers in considering the instant motion to dismiss. *See* Colonial Penn Ins. Co., 887 F.2d at 1239 ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."). Given the Court's exclusion of

evidence in the criminal case, Rodgers cannot show that the improper trash pull on November 24, 2010 "cost [him his] freedom" as he alleges in his complaint. *See* Veney, 293 F.3d at 730 (the court may disregard allegations that contradict matters properly subject to judicial notice). Because the federal criminal case against Rodgers does not rely upon any evidence obtained as a result of the November 24, 2010 trash collection, and as Rodgers fails to allege any other harm arising from the trash collection, the complaint fails to allege sufficient facts to show injury caused by Waste Industries. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motion to dismiss (DE-15) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 24th day of June, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE