IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-294-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WASTE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court grant defendant's motion to dismiss for failure to state a claim (DE 15). Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint on December 7, 2012, alleging that defendant violated his Fourth Amendment rights when one of its workers removed a trash can from his yard on November 24, 2010 without authorization and in violation of defendant's company policy. (See Compl. 2-3). After the trash can was removed from plaintiff's property, law enforcement searched the garbage for evidence of unlawful activity. As a result, plaintiff alleges he lost his "freedom as well as [his] family and small business." (Id. at 3). Plaintiff seeks twenty million dollars in compensatory damages for "stress, emotional pain, [and] financial loss." (Id. at 4). Defendant argues the complaint fails to state a claim upon which relief may be granted and requests dismissal under Rule 12(b)(6).

The magistrate judge recommends dismissing the complaint for failure to state a claim on two independent grounds. First, plaintiff fails to state a claim because defendant cannot be held liable on a theory of *respondeat superior* where the complaint alleges conduct by an individual employee in violation of company policy. (M&R 6-7). Second, plaintiff fails to allege any harm resulting from the alleged Fourth Amendment violation because this court has already determined that, even without the information obtained from the search conducted November 24, 2010, there was sufficient evidence to support issuance of a subsequent search warrant in plaintiff's criminal case. (M&R 7-8).

Plaintiff objects only to the second ground for dismissal recommended in the M&R, arguing that evidence obtained in the November 24, 2010, search was used improperly to justify a subsequent search of plaintiff's trash on December 3, 2010. (See Obj. at 1-2).

2

Case 4:12-cv-00294-FL   Document 29   Filed 08/19/13   Page 2 of 4

Where plaintiff does not object to the first ground for dismissal set forth in the M&R, the court reviews this determination for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "[P]rivate corporations can only be held liable under § 1983 if an official policy or custom of the corporation causes the alleged deprivation of federal rights." Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 355 (4th Cir. 2003) (internal quotations omitted). Here, plaintiff has failed to allege that an official policy or custom of defendant caused the alleged deprivation of federal rights. Indeed, the complaint alleges that an employee removed trash from plaintiff's yard in violation of defendant's policy. (Compl. 2-3). Accordingly, the complaint must be dismissed on this basis.

As for the second ground for dismissal of the complaint, the court agrees that plaintiff has failed to allege any harm resulting from the alleged Fourth Amendment violation. "[U]nless the § 1983 plaintiff can point to a constitutional injury caused by the [alleged violation of rights], no § 1983 remedy will lie." Jean v. Collins, 221 F.3d 656, 660 (4th Cir. 2000). This court previously determined, in plaintiff's criminal proceeding, that even excluding information obtained from the search conducted November 24, 2010, there was sufficient evidence to support issuance of the search warrant in plaintiff's criminal case. United States v. Rogers, No. 4:11-CR-87-FL, 2012 WL 381705 *4 (E.D.N.C. Feb. 6, 2012). Thus plaintiff thus has failed to establish that the allegedly unlawful search conducted November 24, 2010, resulted his loss of freedom. Accordingly, plaintiff's complaint must be dismissed on this alternative basis.

Furthermore, where plaintiff has pled guilty in his criminal case to the charges against him, and where his conviction has not been invalidated, a § 1983 action does not provide a proper avenue

3

for obtaining civil money damages arising from conduct allegedly leading to his conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. Defendant's motion to dismiss (DE 15) is therefore GRANTED, and plaintiff's complaint is DISMISSED with prejudice. The clerk is directed to close this case.

SO ORDERED, this the 19th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge